# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| STEVEN EVANS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-3158-CV-H-FJG |
| WARDEN LINDA SANDERS, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners (USMCFP), petitions this Court for a writ of habeas corpus challenging his confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the petitioner's claims are without merit, it will be recommended that he be denied leave to proceed *in forma pauperis,* and the petition be **DENIED**.

### BACKGROUND

On April 21, 2011, Petitioner Steven Evans was indicted on charges of international parental kidnapping in the Western District of Missouri. The issue of Evans's competency to proceed was raised in the criminal case, and Evans was detained at USMCFP for competency evaluation and restoration treatment. After consideration of the psychological reports, and the report and recommendation of the United States Magistrate Judge, the Court found that Evans suffered from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his defense. The Court thus found that Evans was not competent to stand trial. The Court then ordered Evans be committed

to the custody of the Attorney General for evaluation pursuant to 18 U.S.C. § 4246. *See United States v. Evans*, Case No. 11-105-FJG (W.D. Mo. filed April 12, 2011).

On November 20, 2012, the government filed a Petition to Determine the Present Mental Condition of an Imprisoned Person. A Risk Assessment Panel of mental health professionals at USMCFP found that Evans suffered from Delusional Disorder, Persecutory Type, a mental illness causing him to pose a substantial risk of bodily injury to another person or serious damage to the property of another. The panel recommended that Evans be committed pursuant to 18 U.S.C. § 4246 for hospitalization and treatment. The undersigned United States Magistrate Judge held a hearing in the matter and recommended that Evans be committed pursuant to the statute. On June 13, 2013, United States District Judge Fernando J. Gaitan adopted the magistrate's recommendation and entered judgment committing Evans under 18 U.S.C. § 4246. *See United States v. Evans*, Case No. 12-3495-FJG (W.D. Mo. filed November 20, 2012). Evans appealed. The Court of Appeals for the Eighth Circuit affirmed, finding that the district court did not err in its commitment determination. *See United States v. Evans*, Case No. 13-2417 (8th Cir. December 9, 2013).

In his petition for writ of habeas corpus, Evans challenges the constitutionality of both the criminal and civil proceedings that resulted in his current commitment (Doc. 1). He argues that the court lacks jurisdiction to hear his case, and that he has been denied due process, in that, *inter alia*, he was not allowed to call witnesses or confront or cross-examine the psychological experts.

## DISCUSSION

Commitment under 18 U.S.C. § 4246 is appropriate when release of a federal prisoner would post a substantial risk of bodily injury to another person or serious damage to the property

of another. The government is required to show by clear and convincing evidence that the inmate suffers from a mental disease or defect; would be dangerous if released; and suitable state placement cannot be found. *See United States v. Williams*, 299 F.3d 673, 676 (8th Cir. 2002).

The undersigned has thoroughly reviewed the record, and recommends that Evans is lawfully confined pursuant to 18 U.S.C. § 4246. A risk assessment panel at USMCFP consisting of Robert Sarrazin, M.D., Chief of Psychiatry; Angela Conover, LCSW, Staff Social Worker; and Randy Brandt, Ph.D., Chief of Psychology, determined that Evans suffers from Delusional Disorder, persecutory type, which poses a substantial risk of bodily injury to another person or serious damage to the property of another. *See United States v. Evans*, Case No. 12-3495-FJG (W.D. Mo. filed November 20, 2012). After the government petitioned for Evans's commitment, Evans was appointed an attorney, who requested that Evans be evaluated by an independent psychologist, Kenneth J. Burstin, Ph.D. Dr. Burstin attempted to conduct an independent psychological evaluation of Evans, but Evans refused to cooperate, and Dr. Burstin was ultimately unable to offer an opinion regarding whether Evans posed a substantial risk of bodily injury to another person or serious damage to the property of another.

The undersigned held a hearing on March 7, 2013, at which Evans was present and represented by counsel. Evans testified that he did not suffer from a mental illness and would not take medications if they were prescribed. He further asserted that the court lacked jurisdiction over his person. Taking together the risk assessment panel report, the defendant's unwillingness to cooperate with the independent expert, his limited insight into his condition, and his delusional behavior, the undersigned recommended that Evans be committed under 18 U.S.C. § 4246. After de novo review, the district court adopted the undersigned's

recommendations, and granted the government's petition for commitment. On appeal, the Eight Circuit affirmed.

The undersigned finds no basis in this record for granting the petition for writ of habeas corpus or releasing Evans from his commitment pursuant to 18 U.S.C. § 4246. The government met its burden of demonstrating that Evans suffers from a mental disease or defect, the dangerousness of his release, and its inability to find suitable state placement for Evans. Accordingly, the undersigned recommends that the petition for writ of habeas corpus challenging Evans's commitment be **DENIED** on its merits.

## CONCLUSION

Therefore, based on all the foregoing, it is **RECOMMENDED** that the petition for writ of habeas corpus filed by Petitioner Steven Evans be **DENIED**. It is further **RECOMMENDED** that all pending motions be found moot.

**IT IS SO ORDERED.**

**DATED: February 5, 2014**

                                                    /s/ *David P. Rush*
                                                  **DAVID P. RUSH**
                                                  **United States Magistrate Judge**